### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                          )<br>                     Plaintiff,           )<br>                                                          )<br>      v.                                              )<br>                                                          )<br>DERRICK L. LASLEY               )<br>                     Defendant.        )<br>                                                          ) | Case No. 08-20082<br>                09-3336 |

### MEMORANDUM AND ORDER

Derrick Lasley pled guilty to possession with intent to distribute 50 grams or more of cocaine base ("crack cocaine") on December 15, 2008 (doc. 49). In preparation for sentencing, the probation office advised that Mr. Lasley's total offense level was 27 with a criminal history category of II. According to the United States Sentencing Commission, *Guidelines Manual* (2008), this subjected Mr. Lasley to an advisory guideline range of 78 to 97 months imprisonment. At the time, however, Mr. Lasley's charge under 21 U.S.C. § 841(b)(1)(A)(iii) subjected him to a mandatory minimum sentence of 120 months. Neither party objected to these findings (doc. 70, at 115). At sentencing, the court specifically enumerated that Mr. Lasley's sentence was imposed subject to the statutorily defined mandatory minimum (*id.* at 121). He received the mandatory minimum sentence of 120 months on June 9, 2009 (doc. 64).

Mr. Lasley has now filed a pro se Motion for Modification of Sentence pursuant

to 18 U.S.C. § 3582(c)(2) (doc. 73). For the reasons set forth below, that motion is denied.

## DISCUSSION

**1.    18 U.S.C. § 3582**

Mr. Lasley seeks to have his sentence reduced pursuant to 18 U.S.C. § 3582. Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range.

Although Mr. Lasley does not identify a subsequently lowered guideline range in support of his § 3582(c)(2) petition, presumably he requests a sentence reduction based on Amendment 706 to the United States Sentencing Guidelines. *Guidelines Manual* (2009). Amendment 706 amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c), reducing the base offense levels for crack cocaine-related offenses by two

2

levels. Amendment 706 did not reduce the statutorily defined mandatory minimum. *United States v. Wilson*, No. 10-8043, 2010 WL 4923975, at * 3 (10th Cir. Dec. 6, 2010). Thus, where a defendant was sentenced pursuant to the statutory mandatory minimum, Amendment 706 to the Sentencing Guidelines has no impact on the sentence. *See id.* ("As Amendment 706 to the Sentencing Guidelines did not reduce the statutorily defined mandatory minimum, the district court lacked the authority to reduce [the defendant's] sentence pursuant to 18 U.S.C. § 3582(c)(2)."); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) (holding that defendant's sentence could not be reduced under 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines where the defendant was sentenced pursuant to the statutory mandatory minimum).

Here, Mr. Lasley's sentence was imposed pursuant to the statutorily defined mandatory minimum. As such, the subsequently reduced guideline range is not applicable and § 3582 provides no basis for relief.

**2.      Fair Sentencing Act of 2010**

Mr. Lasley suggests that "Amended Bill S. 1789" modified the guidelines in such a way that would result in a lower sentence for him. Presumably he means Senate Bill 1789, which became Public Law No: 111-220, the Fair Sentencing Act of 2010, when signed by the President on August 3, 2010.[1] The Fair Sentencing Act (FSA) amended various United States Code provisions with respect to crack cocaine violations, raising

---

[1] Bill Summary & Status, Fair Sentencing Act of 2010, *available at* http://thomas.loc.gov/cgi-bin/bdquery/z?d111:s1789:

3

the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 "crack-to-powder" ratio. The FSA directed the Sentencing Commission to amend the Sentencing Guidelines to conform with the new law within 90 days of the FSA's enactment. In response, the Sentencing Commission issued amended Guidelines based on the FSA's new mandatory minimum sentences. These amended Guidelines became effective on November 1, 2010 and apply retroactively.[2] Congress did not make the FSA retroactive. *United States v. Reed*, 410 Fed. App'x 107, 111 (10th Cir. 2010); *see United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). Specifically, although the FSA has been construed to include some conduct occurring before its enactment, "[i]t has been clearly established that the FSA is not retroactive with respect to offenders who were already sentenced prior to its enactment." *United States v. Beach*, No. 09-10132, 2011 WL 977766, at *2 (D. Kan. Mar. 17, 2011).

Here, Mr. Lasley's § 3582 motion fails for two reasons. First, although the FSA directed the Sentencing Commission to amend the Guideline range, the Act itself did not do so. As such, the FSA cannot serve as the basis for a § 3582 motion. Second, Mr. Lasley was sentenced on June 9, 2009, prior to the enactment of the FSA. Because the

---

[2] On June 30, 2011, the U.S. Sentencing Commission announced that the Guideline amendments implementing the Fair Sentencing Act of 2010 would be applied retroactively. The announcement clarified that, "[t]he Commission's vote to give retroactive application to the proposed amendments to the federal sentencing guidelines does not give retroactive effect to the Fair Sentencing Act of 2010. Only Congress can make a statute retroactive." http://www.ussc.gov/Legislative_and_Public_affairs/newsroom/press_releases/20110630_press_release.pdf

4

FSA is not retroactive with regard to offenders sentenced prior to its enactment, the Act provides Mr. Lasley no basis for relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Modification of Sentence Pursuant to 3582(c)(2) (doc. 73) is denied.

**IT IS SO ORDERED** this 16th day of August, 2011.

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge